


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM KITTEL,

Petitioner,

v.

J.E. THOMAS, Warden,
Federal correction Institution,

Respondent.

Civil No. 07-851-KI

OPINION AND ORDER

KING, District Judge:

Petitioner has advanced a Motion for Reconsideration regarding his habeas corpus action brought pursuant to 28 U.S.C. § 2241. Oral argument on this motion was heard on June 4, 2009. For the reasons set forth below, the Motion for Reconsideration [21] is denied, the Petition for Writ of Habeas Corpus [1] is denied, and this action is dismissed.

**FACTUAL FINDINGS AND PROCEDURAL HISTORY**

In 2001, Petitioner was convicted in the United States District Court for the Western District of Washington for Manufacture of Methamphetamine and Possession of Methamphetamine with

Intent to Distribute. Resp't Mot. Dismiss, Ex.2 at 1. Petitioner was sentenced to 120 months imprisonment, with five years post-prison supervision. *Id.* at 2-3. Supervised release terms specified that petitioner undergo mandatory drug testing, participation in substance abuse treatment, and abstaining from the use of alcohol and other intoxicants. *Id.* at 4. The Bureau of Prisons (BOP) calculated petitioner's full term to expire on September 6, 2010, and his projected statutory release date (PRD) to be May 24, 2009. Resp't Resp. to Questions, Ex. 1, Attachment 1 at 2.

Petitioner was confined at Federal Correction Institution (FCI) Sheridan, Oregon, from June 27, 2006 to May 2, 2008. *Id.*, Ex. 1 at 2.

On or about June 24, 2005, petitioner applied to participate in the BOP's Residential Drug Abuse Program (RDAP). Resp't Mot. Dismiss at 3. The RDAP provides nine months of residential treatment and six months of community placement. Resp't Resp. to Questions, Ex. 1 at 3. Upon successful completion of the RDAP, inmates may be eligible for up to one year of discretionary early release benefits under 18 U.S.C. § 3621(e).

On or about June 28, 2005, Petitioner was placed on the RDAP Wait List, but was found ineligible for early release benefits due to his two-point gun enhancement at sentencing. *Id.*, Ex. 1, at 2 and Attach. 2. Petitioner's placement on the RDAP Wait List was based on his PRD. *Id.*, Ex. 1 at 3. The RDAP Wait List is administered by placing inmates with earlier projected release dates ahead of inmates with later release dates. *Id.*

On June 7, 2007, petitioner filed a petition pursuant to 28 U.S.C. § 2241, alleging that his right to due process had been violated by the BOP's initial denial of eligibility for early release based on 28 C.F.R. § 550.58(a)(1)(vi)(B). Petitioner argued *United States v. Booker* changed fact finding procedures for sentencing. 543 U.S. 220 (2005). Petitioner contended that this change overruled

*Lopez v. Davis*, which upheld BOP's discretion to categorically deny early release to prisoners whose felonies involved the use of a firearm. 531 U.S. 230 (2001).

Petitioner did not challenge his sentence, nor did he challenge the validity or reasonableness of his term of post-prison supervision. Petitioner requested a writ "establishing the relief this Court deems necessary." Pet. at 4.

On or about June 25, 2007, petitioner entered the RDAP. Resp't Resp. to Questions, Ex. 1 at 2 and Attach. 2.

On July 30, 2007, this court dismissed petitioner's § 2241 action on grounds that the court lacked jurisdiction to adjudicate a challenge to his sentence, and that *Booker* provided no basis for relief regarding challenges to the execution of his sentence.

Petitioner appealed the dismissal, and this appeal was pending on February 20, 2008, when the Ninth Circuit ruled that the BOP violated the Administrative Procedures Act (APA) in promulgating 28 C.F.R. § 550.58(a)(1)(vi)(B). *See Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008). Petitioner's action was not included in the consolidation of Oregon cases controlled by *Arrington*.

On or about March 24, 2008, petitioner completed the nine-month residential treatment component, and on or about April 3, 2008, pursuant to *Arrington* petitioner was found eligible for early release. Resp't Resp. to Questions, Ex. 1 at 2, Attachment 2. On or about May 6, 2008, petitioner was placed in a Residential Resource Center (RCC). *Id.*

Petitioner's transfer to the RCC was delayed by ten days due to his initial designation as ineligible for early release benefits. *Id.*, Ex. 1 at 3.

On July 16, 2008, the Ninth Circuit granted petitioner's unopposed motion for remand to

permit this court to reconsider his petition in light of *Arrington's* ruling.

On or about August 11, 2008, petitioner was transferred to home confinement. On or about October 28, 2008, petitioner was released from BOP custody. *Id.* at 2. He remains on supervised release.

Petitioner's October 28, 2008, release from custody may have been delayed by ten days due to the similar delay he experienced in the RCC transfer. *Id.* at 3.

However, petitioner completed the community treatment portion of the RDAP early, obtaining access to the discretionary early release benefits prior to the program's six-month term. *Id.* Consequently, his early completion may have resulted in an earlier release from custody than other RDAP enrollees received.

Respondent moved to dismiss the petition that the Ninth Circuit remanded as moot on grounds that no additional relief was available to petitioner. Petitioner had completed the RDAP, had been found eligible for early release, and was no longer in custody. *See* Resp't Mot. Dismiss.

On November 20, 2008, the court granted respondent's motion to dismiss on grounds that petitioner's eligibility for early release benefits pursuant to *Arrington* and his completion of RDAP rendered his action moot, and to the extent he sought modification of his sentence, his petition under § 2241 was improper. *See* Order of November 20, 2008, at 3-4.

Petitioner moved for reconsideration of this court's decision, arguing that his early release did not moot his petition because appropriate habeas relief can be determined at the time the petition is filed, and that this court "appears to have ruled on . . . an issue not briefed by the parties" and that "the denial based on § 2255 appears to be in error." Pet'r Mot. Recons. at 3.

This court granted reconsideration, concluding that "[t]o the extent this court relied on § 2255

in concluding that Petitioner's habeas petition was moot, the court erred." Order of April 21, 2009, at 2.

Following additional briefing and argument, and a careful examination of the record, the court now makes the following additional factual findings:

- On June 28, 2005, petitioner was deemed ineligible for early release benefits based on a regulation that was invalid under the APA.
- Petitioner was released from custody after completing the community placement requirement for discretionary early release benefits in less than the six months allotted for completion. This may have resulted in petitioner obtaining earlier release than other RDAP enrollees.
- Petitioner received less than a full year of discretionary early release benefits upon successfully completing RDAP and being found eligible for early release benefits under *Arrington.*

**QUESTIONS PRESENTED**

Petitioner's initial § 2241 action alleged that his right to due process had been violated because the BOP denied him eligibility for discretionary early release benefits based on 28 C.F.R. § 550.58(a)(1)(vi)(B). The explicit remedy he sought was eligibility for early release. On remand, petitioner reconstructed his habeas action as a challenge to the sufficiency of the early release benefits he received, a claim that is distinct from the due process claim his petition raised.

Nevertheless, at oral argument on June 4, 2009, petitioner agreed with the court's characterization of his position as asserting that the BOP has been unfair in administering RDAP and, as a result, petitioner and other prisoners received a diminished opportunity to get a full year's reduction in the sentences they were serving. Moreover, similar to the positions of some prisoners with stakes in the *Arrington* decision, these prisoners maintain an interest in getting relief even though they are no longer incarcerated. The relief being sought is reductions in supervised relief.

Petitioner requests a judgment that can be presented as a "predicate ruling" in an anticipated petition to be brought before the sentencing court that seeks a reduction in the terms of petitioner's supervised release.

**DISCUSSION**

Article III, § 2 of the United States Constitution requires that a case or controversy exist for a federal court to exercise jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation and internal quotation omitted); *see also Mills v. Green*, 159 U.S. 651, 653 (1895). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Tur v. YouTube, Inc.*, 562 F.3d 1212 (9th Cir. 2009) (quoting *N.W. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988)). "An issue is moot when deciding it would have no effect within the confines of the case itself." *Id.*; *see also Mills*, 159 U.S. at 653 ("when pending an appeal . . . an event occurs which renders it impossible for this court to grant [ ] any effectual relief whatever, the court will not proceed to a formal judgment . . . ."); *Brownlow v. Schwartz*, 261 U.S. 216, 217 (1923) ("This court will not proceed to a determination when its judgment would be wholly ineffectual for want of a subject matter on which it could operate."); *In re National Mass Media Telecom. Systems, Inc. v. Stanley*, 152 F.3d 1178, 1180 (9th Cir. 1998) ("mootness is a concept that applies when an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever'. . . .").

The availability of a partial remedy is sufficient to prevent a case from being moot. *Church*

*of Scientology of California v. United States*, 506 U.S. 9, 13 (1992). However, "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *Id.* at 12 (citing *Mills*, 159 U.S. at 653); *see also In re National Mass Media Telecom. Systems, Inc.*, 152 F.3d at 1180. Thus, to overcome dismissal for mootness, petitioner must establish that he suffered an actual injury traceable to BOP, and that the court can grant effectual relief for that injury.

That petitioner suffered an actual injury traceable to BOP is undisputed. Petitioner's initial denial of eligibility for discretionary early release benefits was later invalidated, and this denial resulted in a ten-day delay in petitioner's transfer to an RCC. The remaining question is whether effectual relief is available in this court.

When petitioner filed his habeas petition, he sought to require that BOP designate him eligible for discretionary early release benefits. The Ninth Circuit decided *Arrington* when petitioner's petition was on appeal. Within ten days completing the prerequisites for eligibility, petitioner was designated eligible. Although *Arrington's* decision resulted in petitioner receiving discretionary early release benefits, and at least a partial remedy on his claim, petitioner now asks the court for a predicate ruling to make up for his deprivation of an opportunity to receive a full year of discretionary early release benefits.

Specifically, petitioner proposes that this court issue an order that provides that "for the reasons stated in *Arrington v. Daniels* . . . the initial decision denying [petitioner's] eligibility for the sentence reduction violated the [APA]." Pet'r Supp. Mem. at 4. Such an order would simply reiterate a fact that is not in dispute -- that petitioner was initially wrongfully denied eligibility for early release benefits. The proposed recitation would be ineffectual in providing a meaningful

remedy for the harm that petitioner suffered as a result of BOP's actions. The order would not reverse the delay occurring before petitioner's early release, it would not provide an opportunity to seek a full year of discretionary early release benefits, and it would have no legal effect in a subsequent action seeking modification of supervised release. Because this court cannot fashion effectual relief, the petition is moot. *Church of Scientology of California*, 506 U.S. at 13; *Mills*, 159 U.S. at 653.

Petitioner's argument against mootness is misplaced. It is true that the Ninth Circuit has found that the possibility of relief in the form of modification of supervised release terms can defeat some mootness arguments. *See, e.g.,Serrato v. Clark*, 486 F.3d 560 (9th Cir. 2007); *Mujahid v. Daniels*, 413 F.3d 991, 994-95 (9th Cir. 2005); *Gunderson v. Hood*, 268 F.3d 1149, 1153 (9th Cir. 2001); *Arrington*, 516 F.3d at 1112 n.4 (citing *Mujahid* and *Gunderson*). However, in these cases, the legality of the BOP action being challenged had yet to be determined. The Ninth Circuit rejected the BOP's arguments that the merits of the petitioners' challenges need not be examined because the petitioners' release from custody rendered their claims moot. Instead, because of the possibility of relief in the form of modified supervised release terms, the Ninth Circuit proceeded to examine (and ultimately uphold) the BOP's challenged actions. In upholding the BOP's actions these rulings necessarily found that these petitioners suffered no actionable injuries.

Petitioner here seeks an order granting his petition to use as a predicate for seeking a reduction of his term of supervised release. Of course, the absence of such a tailored order would in no way prevent petitioner from proceeding formally to seek a reduction in supervised relief.

It is true that, under *Gunderson* and *Mujahid*, a prisoner's release from BOP custody to supervised release may not render a habeas petition moot. However, the court rejects petitioner's

assertion that such holdings should be interpreted as eliminating the long-standing requirement that effectual relief within the confines of the action at issue must still be available to be granted to the petitioner. *See Burkey v. Marberry*, 556 F.3d 142 (3rd Cir. 2009) (denying a petitioner's request for an order granting relief in a § 2241 action for purposes of bolstering a petition before the sentencing court for reduction of supervised release). In this case, there is nothing remaining for this court to decide and no effectual relief to be granted after petitioner was granted discretionary early release benefits under *Arrington*.

The court also concludes in the alternative that even if this action is viewed properly as not moot, the relief petitioner has received is sufficient, and the relief now sought cannot be provided. Granting an advisory opinion to bolster petitioner's argument in a future proceeding is inappropriate. *Mills*, 159 U.S. at 653.

**CONCLUSIONS OF LAW**

- Petitioner was designated ineligible for early release benefits based on a regulation invalidated in *Arrington*.
- Although petitioner was later found eligible for early release under *Arrington*, he was denied the opportunity for a full year of early release benefits.
- Arrington provides the legal basis for petitioner seeking a modification in his supervised release in the sentencing court.
- A predicate ruling from this court does not constitute effectual relief within the parameters of this § 2241 action.
- The predicate ruling petitioner seeks would be an advisory opinion.
- Petitioner's petition is moot because no further effectual relief is available from this court.

- Petitioner has received appropriate relief for the habeas action filed with this court through the *Arrington* decision and his subsequent early release.

**CONCLUSION**

Based on the above, the Petition for Writ of Habeas Corpus [1] is denied, petitioner's motion to reconsider [21] is denied, and this action is dismissed.

IT IS SO ORDERED.

DATED this 26th day of June, 2009.

Garr M. King
United States District Judge