**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

WILLIAM KITTEL,
                    *Petitioner-Appellant,*

                    v.

J. E. THOMAS,
                    *Respondent-Appellee.*

No. 09-35630

D.C. No.
3:07-cv-00851-KI

OPINION

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

Submitted June 11, 2010*
Portland, Oregon

Filed July 2, 2010

Before: David R. Thompson and M. Margaret McKeown,
Circuit Judges, and Robert J. Timlin,
Senior District Judge.**

Opinion by Judge McKeown

---

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Robert J. Timlin, United States District Judge for the
Central District of California, sitting by designation.

9507

## COUNSEL

Stephen R. Sady and Lynn Deffebach, Office of the Federal Public Defender, District of Oregon, Portland, Oregon, for the petitioner-appellant.

Suzanne A. Bratis, United States Attorney's Office, District of Oregon, Portland, Oregon, for the respondent-appellee.

## OPINION

McKEOWN, Circuit Judge:

William Kittel, a federal prisoner incarcerated in Oregon, filed a *pro se* federal habeas petition under 28 U.S.C. § 2241. He challenges a Bureau of Prisons ("BOP") rule that categorically excludes from an early release incentive program prisoners whose offenses of conviction involved firearms possession. The district court dismissed his habeas petition as moot in light of *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), relying in part on *Burkey v. Marberry*, 556 F.3d 142 (3d Cir. 2009). We affirm the district court's dismissal of Kittel's habeas petition.

### BACKGROUND

The BOP has statutory authority to grant a sentence reduction of up to a year to an inmate convicted of a nonviolent fel-

ony upon the inmate's successful completion of the Residential Drug Abuse Program ("RDAP"). 18 U.S.C. § 3621(e)(2)(B). Under a final rule promulgated in 2000, the BOP categorically excluded from this early release initiative inmates whose offense of conviction included weapons possession or use. 28 C.F.R. § 550.58(a)(1)(vi)(B) (2000). Kittel was found eligible to participate and did participate in the RDAP, but the BOP, relying on the 2000 rule, denied him the early release benefit because his offense of conviction included weapons possession.

Kittel filed a habeas petition on June 7, 2007, to challenge the BOP's denial of his eligibility for early release. The district court dismissed his petition, but while on appeal, we decided *Arrington*, which involved a procedural challenge to the 2000 rule by a group of inmates. In these consolidated cases, we ultimately held that the 2000 rule was procedurally invalid under the Administrative Procedure Act ("APA") because the BOP did not adequately provide a rationale for the adoption of the rule. 516 F.3d at 1114. Although Kittel's habeas petition was pending at the time of *Arrington*, his case was not part of the consolidated *Arrington* cases.

Kittel completed RDAP on March 24, 2008, just over a month after *Arrington* was decided. Ten days after Kittel's completion of RDAP, the BOP reconsidered Kittel's case in light of *Arrington* and found him eligible for early release. As a result, Kittel was sent to a halfway house to complete RDAP's transitional component.

On July 22, 2008, we granted Kittel's request to remand his case to the district court for it to consider his petition in light of *Arrington*. Kittel was then transferred to home confinement, and the BOP moved to dismiss Kittel's petition as moot. The BOP released Kittel from its custody on October 28, 2008. On November 20, 2008, the district court granted the BOP's motion to dismiss the petition as moot, but upon a motion for reconsideration, the court determined that it had

erred and reopened the case. After oral argument, the district court again held that it was "undisputed" that Kittel had "suffered an actual injury traceable to the BOP," and he had only received partial relief. Nonetheless, the court dismissed Kittel's habeas petition as moot, noting that the remedy he sought "would simply reiterate a fact that is not in dispute— that petitioner was initially wrongfully denied eligibility for early release benefits," and that there was no effective relief it could grant.

## ANALYSIS

The Constitution limits the jurisdiction of the federal courts to live cases and controversies, and as such, federal courts may not issue advisory opinions. U.S. CONST., art. III; *Flast v. Cohen*, 392 U.S. 83, 96 (1968). "Failure to satisfy Article III's case-or-controversy requirement renders a habeas petition moot." *Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005) (*citing Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

Kittel maintains that his action is not moot, because under *Gunderson v. Hood*, 268 F.3d 1149 (9th Cir. 2001), and *Mujahid*, the possibility exists that his term of supervised release could be reduced upon a motion under 18 U.S.C. § 3583(e). Kittel received only a partial remedy in the form of a reduction of seven months of his sentence, so he asserts that he was wrongfully incarcerated for up to five extra months based on the BOP's initial denial of his eligibility for early release upon completion of RDAP. He argues that a favorable ruling from this court on the wrongfulness of the BOP's initial denial of eligibility for the early release benefit would "provide a predicate for a § 3583(e) motion" to reduce his term of supervised release.

**[1]** Kittel correctly states that in both *Gunderson* and *Mujahid*, we ruled that a suggestion of mootness is defeated by the " 'possibility' that [the petitioner] could receive a reduction in his term of supervised release under 18 U.S.C.

§ 3583(e)(2)." *Mujahid*, 413 F.3d at 995 (quoting *Gunderson*, 268 F.3d at 1153). This case, however, is distinguishable, because in both *Gunderson* and *Mujahid*, there remained a live, justiciable question on which the parties disagreed and on which we ruled. In *Gunderson*, the petitioner disputed the legality of a BOP program statement under the APA. 268 F.3d at 1150. We held that the program statement was a valid interpretive rule. *Id.* at 1154. In *Mujahid*, the petitioner challenged the BOP's interpretation of the maximum good time credit a federal prisoner could receive under 18 U.S.C. § 3624(b). 413 F.3d at 993, 996. We held that the BOP's interpretation was reasonable and subject to deference. *Id.* at 995 (citing *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1270 (9th Cir. 2001).

**[2]** Here, the legal dispute raised in Kittel's petition—the validity of the 2000 rule—was conclusively resolved by *Arrington*. What Kittel seeks is a protective ruling as to the applicability of *Arrington* to his case in order to support a future § 3583(e) motion for a reduction in his term of supervised release. Although Kittel fears that the government may argue before the sentencing court that *Arrington* is somehow not good law, *Arrington* is currently binding authority in the Ninth Circuit, and our role is not to provide a belt-and-suspenders opinion on a downstream controversy. As the district court noted, an order stating that *Arrington* applies to Kittel "would simply reiterate a fact that is not in dispute." Unlike in *Gunderson* and *Mujahid*, this case involves no live controversy, which renders Kittel's petition moot. As the district court stated, after *Arrington*, "there is nothing remaining for this court to decide."[1]

---

[1] Although the district court correctly determined that Kittel's petition was moot, it was not proper to predicate that discussion on non-binding, out-of-circuit authority, *Burkey v. Marberry*, 556 F.3d 142, 149-51 (3d Cir. 2009), which explicitly rejects the reasoning of the Ninth Circuit in *Mujahid*. *See Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001) (stating that a district court must follow case law from its own circuit).

KITTEL v. THOMAS                    9513

**PETITION DISMISSED.**